IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CRISTY A. JOHNSON                                                                                    PLAINTIFF

vs.                                            Civil No. 6:17-cv-06127

NANCY BERRYHILL                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Pending now before this Court is Defendant's Motion to Dismiss. ECF No. 9.[1] Plaintiff has responded to this motion and has no objection. ECF No. 10 The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this Memorandum Opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Defendant filed a Motion to Dismiss alleging Plaintiff failed to exhaust all administrative remedies before filing the complaint in this Court. ECF No. 9. According to Defendant, Plaintiff filed a claim for disability insurance benefits on July 28, 2015. ECF No. 9-1. After Plaintiff's application was denied initially and upon reconsideration, Plaintiff filed a request for a hearing with an Administrative Law Judge ("ALJ"). *Id*. The ALJ held an administrative hearing and issued an unfavorable decision on October 18, 2017. *Id.*

The Agency's Notice of Decision informed Plaintiff she had sixty days in which to file a request for review of the ALJ's decision. *Id.* There is no record of Plaintiff filing a request for

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

review within either the sixty-day period. On December 4, 2017, Plaintiff filed the instant case in the United States District Court for the Western District of Arkansas, Hot Springs Division. ECF No. 1.

Defendant argues Plaintiff has not received a final administrative decision from the Commissioner, and as such, Plaintiff failed to exhaust his administrative remedies. Plaintiff does not dispute Defendant's claims. ECF No. 10

## 2. Discussion:

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a complaint for lack of subject matter jurisdiction. Subject matter jurisdiction is a threshold matter that pertains to the court's authority over the category of the claim in the suit. *See Ruhrgas AG v. Marathan Oil Co.*, 526 U.S. 574, 577, 583 (1999). The Social Security Act (Act) confers jurisdiction on United States district courts to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). A claimant's failure to exhaust all administrative remedies with SSA before filing an appeal in district court deprives the court of subject matter jurisdiction. *See Sims v. Apfel*, 530 U.S. 103, 106-107 (2000).

The Social Security regulations set forth the process of administrative review and explain a claimant's right to judicial review after he or she has taken all of the necessary administrative steps. *See* 20 C.F.R. § 416.1400(a). The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order: (1) initial determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 416.1400(a). When a claimant has completed the steps of the administrative review process, SSA will have made its final decision subject to judicial review in district court. *See* 20

C.F.R. § 416.1400(a)(5).

Here, Plaintiff has not requested Appeals Council review of the ALJ's decision, and the Appeals Council has not issued a decision or given Plaintiff notice that it is denying Plaintiff's request for review. As a result, she did not complete the administrative review process, Defendant had not issued a final decision subject to judicial review, and this Court lacks subject matter jurisdiction. *See* 20 C.F.R. §§ 416.1400(a), (b), 416.1481.

Based on this, the Court finds Plaintiff's complaint should be dismissed.

### 3. Conclusion:

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th day of February 2018.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE